**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

---------------------------------------------------------------x

DAXING MOU, and
ZANLIAN WANG,
*Plaintiffs-Counterclaim Defendants,*
v.
YI STAR LLC
d/b/a Dallas Spicy Chinese Cuisine
d/b/a Dallas Panda Chinese Cuisine
d/b/a Sichuan Joy
d/b/a O My Baobao
d/b/a Oh My Baobao
d/b/a Hawaii Poke & Boba,
DALLAS PANDA CHINESE CUISINE LLC
d/b/a Dallas Spicy Chinese Cuisine,
YI LI, and
JINLUN LI
a/k/a Patrick Li,
*Defendants-Counterclaim Plaintiffs.*

------------------------------------------------------------- x

Case No. 26-cv-00149

**AFFIRMATION IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND NOTICE**

Respectfully submitted,

/s/ Zhonghua Lai
Zhonghua Lai, Esq.
Kerb Law Group, PLLC
13809 Research Blvd.
Austin, Texas 78750
Tel.: 512-203-2649
Email: ylai@kerblaw.com

Attorney for Defendants/Counterclaim-Plaintiffs

The Defendants Yi Star LLC, Dallas Panda Chinese Cuisine LLC, Yi Li, and Jinlun Li ("Defendants"), by their attorneys, Kerb Law Group, PLLC, respectfully filed their Affirmation in Opposition to Plaintiff's Motion for Conditional Certification, I, ZHONGHUA LAI, respectfully state upon information and belief as follows: I am an attorney with Kerb Law Group, PLLC, identified as counsel for Defendants and respectfully submit this affirmation in opposition to Plaintiffs' motion filed September 9, 2026, at ECF No. 38. ("Motion").

I. THE COURT SHOULD APPLY *SWALES* FROM THE FIFTH CIRCUIT AND REQUIRE EVIDENCE THAT THE PROPOSED COLLECTIVE IS SUFFICIENTLY SIMILARLY SITUATED

The Fifth Circuit held that a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of "employees" is "similarly situated." And then it should authorize preliminary discovery accordingly. The amount of discovery necessary to make that determination will vary case by case, but the initial determination must be made, and as early as possible. Swales v. KLLM Transp. Servs., L.L.C., 985 F.3d 430, 441 (5th Cir. 2021). where Plaintiffs have demonstrably different work experiences, the district court will necessarily need more discovery to determine whether notice is going out to those "similarly situated." Id. 430, 442. When a district court ignores that it can decide merits issues when considering the scope of a collective, it ignores the "similarly situated" [**23] analysis and is likely to send notice to employees who are not potential plaintiffs. In that circumstance, the district court risks crossing the line from using notice as a case-management tool to using notice as a claims-solicitation tool. *Hoffman-La Roche* flatly forbids such line crossing. Id. 430, 442.

Under *Swales*, the Court should identify the factual and legal considerations material to the merits of Plaintiffs' claims and determine whether those considerations can fairly and efficiently be resolved on a collective basis. The Court may consider the evidence presently before it and, where appropriate, permit limited discovery before determining the proper scope of any collective. *Id.* at 441–43. The FLSA's similarity requirement is something that district courts should rigorously enforce at the outset of the litigation. Id 430, 443. Plaintiffs therefore cannot obtain broad notice merely by alleging a common FLSA violation.

The relevant inquiry is whether the evidence establishes sufficient factual and legal similarity among the employees Plaintiffs seek to include. The question is therefore not whether proposed collective members are identical, but whether their relevant factual and legal circumstances are sufficiently similar for collective adjudication. Here, the present record identifies material differences concerning the locations at which employees worked, their employment periods, compensation arrangements, break practices, alleged tip violations, employer identity, and job duties or responsibilities. Those differences bear directly on the hours worked, compensation received, compensability of alleged work and break periods, and potential defenses. Under *Swales*, those issues should be examined before broad notice is authorized.

II. PLAINTIFFS' EVIDENCE DOES NOT SUPPORT THE NATIONWIDE COLLECTIVE REQUESTED

Plaintiff Daxing Mou states that he worked at Sichuan Joy from approximately April 28 through August 10, 2025, and then at 369 BBQ from approximately August 11 through September 8, 2025. Whether he was an exempt supervisor is under dispute by both parties. Therefore, further discovery is needed for collective certifcation purpose.

Plaintiff Zanlian Wang states that she worked at 369 BBQ only from approximately August 18 through September 8, 2025, which she only worked for about 20 days as manager. Whether she is exempt under dispute by both parties. Therefore, further discovery is needed for collective certification purpose.

Neither Plaintiff therefore has personal employment experience covering the three-year period requested in the Motion. Their affidavits do not establish that the alleged practices continued throughout that period or that the same practices applied to employees employed at other locations during that time.

Plaintiffs also seek notice to restaurant employees employed by Defendants "anywhere in the United States." Their affidavits, however, concern only two Texas restaurants. They do not identify a nationwide payroll policy, nationwide compensation practice, or common employment policy applicable to unidentified employees at restaurants throughout the United States.The proposed collective should not be broader than the evidence supporting it.

There is also a material dispute concerning 369 BBQ. Plaintiffs assert that Defendants owned or operated that restaurant, while Defendants' Answer denies it. Defendants do not ask the Court to resolve that dispute on this Motion. The dispute instead demonstrates why focused discovery concerning ownership, payroll, employment records, and operational control is appropriate before notice is issued based upon an assumption that all workers at both locations shared the same employer.

## III. THE CURRENT RECORD DOES NOT ESTABLISH A SINGLE COMMON COMPENSATION PRACTICE

Plaintiffs characterize their claims as arising from a uniform practice of paying fixed monthly salaries without overtime. Their affidavits, however, identify materially different compensation arrangements.

Mou alleges monthly compensation of $6,800 and later $7,500. Wang alleges a monthly salary of $7,000. Other workers allegedly received approximately $4,500, $2,800, $2,500, or more than $3,000 per month. Some workers allegedly received cash payments twice per month, while Mou describes receiving both cash and check payments.

Different rates of compensation do not, standing alone, defeat collective treatment. The issue is that Plaintiffs have not established what hours the different compensation arrangements were intended to cover, how overtime was calculated, what amounts were actually paid for particular workweeks, or whether the alleged compensation practice was common to all proposed collective members.

The affidavits also contain apparent chronological and mathematical discrepancies. For example, Mou's paragraph 13 contains a payment calculation that does not appear to correspond to the stated number of days worked. Paragraph 32 refers to Hu's first day as May 26, 2026, while other portions state that Hu began working in May 2025. Wang's affidavit likewise contains inconsistent calculations concerning her hourly rate and compensation.

Defendants do not ask the Court to resolve those discrepancies or make credibility determinations at this stage. They demonstrate instead that the present record does not reliably establish a single compensation practice applicable to the proposed nationwide collective.

## IV. THE BREAK, OVERTIME, AND TIP ALLEGATIONS PRESENT MATERIAL DIFFERENCES

Mou alleges that he worked approximately 57 hours per week and describes a 90-minute period during which he allegedly prepared box lunches while remaining available for orders.

Wang describes different weekly hours and states that she sometimes received a one-hour break but, when the restaurant was busy, allegedly could not take the full break and remained available for orders.

Those allegations do not establish that all proposed collective members had the same work schedules or break practices. Whether particular periods constitute compensable working time depends upon the circumstances applicable to the employee and the work performed.

The tip allegations present an additional difference. Wang alleges that she received approximately $200 in tips per day and that Defendants retained those tips. Mou does not allege that he personally received tips, and the affidavits do not identify another specific employee asserting the same tip-retention claim.

Accordingly, any tip-related claim should not automatically be extended to cooks, dishwashers, preparation workers, or other employees who may have had different duties and compensation arrangements.

## V. INDIVIDUALIZED DUTIES AND POTENTIAL DEFENSES FURTHER SUPPORT LIMITED DISCOVERY

Defendants' allegation is concerning Plaintiffs' actual duties and authority. Those allegations are disputed and are not offered as established facts for purposes of this Motion.

Nevertheless, Plaintiffs' actual duties are relevant to whether their claims can fairly be resolved together with those of other employees. Plaintiff Wang denies having managerial authority, while Defendants' pleadings contain allegations concerning management-related activities. Plaintiff Mou likewise denies having authority over other employees.

Defendants do not contend that individualized duties or defenses automatically preclude

collective treatment. Nor do Defendants contend that differences in job titles, compensation, or work locations alone require denial of notice. Instead, under *Swales*, the Court should identify the factual and legal issues material to Plaintiffs' claims and determine whether those issues can fairly be resolved collectively.

The potential differences here are material because the parties may dispute not merely the labels attached to Plaintiffs' positions, but the actual duties performed, authority exercised, hours worked, compensation received, and applicability of particular FLSA defenses such as as both Plaintiffs are exempt supervisors with no overtime payment to be paid.. Those issues may differ among employees and may require individualized factual determinations.

On the present record, therefore, the Court cannot reliably determine that the broad group proposed by Plaintiffs is sufficiently similar for collective adjudication.

VI. LIMITED PRE-NOTICE DISCOVERY IS APPROPRIATE

If the Court concludes that Plaintiffs have identified a potentially narrower group of similarly situated employees, Defendants respectfully request a short period of focused discovery before any notice is authorized.

Such discovery is consistent with *Swales*. The Fifth Circuit instructed district courts to determine the factual and legal considerations material to the similarity inquiry and recognized that district courts may require preliminary discovery to obtain information necessary to make that determination.

*Swales* does not require an all-or-nothing determination between nationwide notice and complete denial of notice. Where the evidence does not establish sufficient similarity among the entire proposed group, the Court may consider whether additional discovery is necessary and whether notice should instead be limited to employees or subgroups supported by the evidence.

Accordingly, if Plaintiffs establish sufficient similarity as to a narrower group, Defendants respectfully request that notice be limited accordingly rather than extended nationwide based upon generalized allegations. Further, this discovery will allow the Court to determine whether the proposed employees share sufficiently similar factual and legal circumstances, whether

separate subgroups are appropriate, and whether particular claims require individualized treatment.

## VII. THE PROPOSED NOTICE AND ORDER REQUIRE CORRECTION

Even if notice is authorized, Plaintiffs' proposed notice and order should not be approved in their present form.

First, ECF No. 38-3 repeatedly refers to an unrelated employer, "Suddenlink." The Motion also refers to "Plaintiff Bailey" and "Conduent." These apparent drafting errors should be corrected before any notice is distributed.

Second, the proposed notice identifies February 9, 2023 as a starting date while also stating that the eligibility period will begin three years before approval of notice. The Court should require one definite and evidence-supported eligibility period.

Third, Plaintiffs request sensitive information, including dates of birth and driver's-license numbers. Plaintiffs have not demonstrated that such information is necessary to provide notice. If notice is authorized, disclosure should be limited to information reasonably necessary to identify and contact approved collective members, such as names, last-known addresses, telephone numbers, email addresses, and employment dates.

Fourth, Plaintiffs request multiple rounds of mail, email, text messages, telephone calls, and workplace postings. Any notice procedure should be neutral, reasonable, and proportionate to the circumstances.

Finally, the notice should expressly state that authorization of notice is not a determination that Defendants violated the FLSA or that any employee is entitled to damages. Any consent form should be limited to this action and should not contain unrelated litigation or arbitration authorizations.

## VIII. REQUESTED RELIEF

For the foregoing reasons, Defendants respectfully request that the Court:

1. DENY Plaintiffs' Motion for Conditional Certification and Notice, ECF No. 38, on the

present record;

2. Alternatively, order a limited period of focused pre-notice discovery followed by supplemental briefing;
3. If notice is authorized, limit any collective to employees, locations, time periods, and pay practices for which Plaintiffs establish sufficient factual similarity;
4. Require a definite and evidence-supported eligibility period;
5. Require Plaintiffs to revise the proposed notice, consent form, and order to remove references to unrelated parties and unnecessary personal information; and
6. Grant such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing factual statements concerning my review of the supplied papers are true and correct to the best of my knowledge, information, and belief. The legal arguments are submissions to the Court, and disputed allegations are identified as such.

Executed on September 30, 2026, in Austin, Texas.

Respectfully submitted,

/s/ Zhonghua Lai
Zhonghua Lai, Esq.
Kerb Law Group, PLLC
13809 Research Blvd.
Austin, Texas 78750
Tel.: 512-203-2649
Email: ylai@kerblaw.com

Attorney for Defendants/Counterclaim-Plaintiffs